UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLEDIVISION
Case No. 3:22-cv-00582-RGJ-LLK

**NICHOLAS ALDRIDGE,**                                                                                      **PLAINTIFF**

**v.**

**DAVID RAMEY, ET AL,**                                                                                     **DEFENDANTS**

**OPINION AND ORDER**

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of August 23, 2024, [DN 95]. Before the Court is Defendant David Ramey's October 25, 2024, Motion for Costs of Failed IME and to Compel Completion of IME. Motion [DN 104]. On October 28, the Court held a telephonic status conference in this matter and subsequently entered an order directing Plaintiff to fully attend an independent medical examination scheduled for January 10, 2025. November 1, 2024 Text Order [DN 106]. On November 1, 2024, Plaintiff Nicholas Aldridge filed a response to the currently pending motion. Response [DN 107]. Because the time for Defendant to reply has lapsed, the matter is ripe for adjudication. For the reasons that follow, Defendant's Motion for Costs of Failed IME and to Compel Completion of IME, Motion [DN 104], is **DENIED WITHOUT PREJUDICE**.

**Analysis**

Federal Rule of Civil Procedure 35 allows the Court to "order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Plaintiff concedes that he has "placed his mental or physical condition into controversy in this action and consistent with Fed. R. Civ. P. 35." Response [DN 107] at 1. Plaintiff further states that "in an effort to streamline the

discovery process, [he] agreed to appear for an IME on September 6, 2024 with Dr. Richard Edelson." *Id.* Both parties acknowledge that, shortly after arriving for the IME, Plaintiff left to attend to a client appointment he had previously scheduled. Response [DN 107] at 2; Motion [DN 104] at 2.

Federal Rule of Civil Procedure 37 permits sanctions, including the reimbursement of expenses, when a party fails to comply with a Rule 35 court order. Fed. R. Civ. P. 37(b)(2). Plaintiff does not dispute that Defendant is entitled to an IME by Dr. Edelson; he only argues that Defendant is not entitled to recover the full $2,500 lost time fee charged by the doctor's office. Response [DN 107] at 2.[1] Plaintiff states that, due to the "traumatic brain injury" he suffered because of the automobile collision underlying this action, he did not remember that the IME was intended to last for a full day. *Id.* Although Plaintiff did not cite any legal authority in support of this argument, he is legally correct that he may not be compelled to pay for the remainder of the lost time fee, although for different reasons.

There was no court order in place when Plaintiff failed to attend the IME; therefore, there is no legal authority for Defendant's request. Fed. R. Civ. P. 37(b)(2) (providing actions the court may take when a party "fails to comply with an *order* under Rule 35(a) requiring it to produce another person for examination") (emphasis added). Courts in the Sixth Circuit have found, in similar circumstances, that a court order is required for Rule 37 sanctions to be imposed, and mere notice of an IME or agreement by the parties is insufficient to invoke this authority. *See Norton v. Esurance Ins. Co.*, No. 16-10279, 2016 U.S. Dist. LEXIS 193345, at *4 (E.D. Mich. Aug. 24, 2016) (collecting cases).

## CONCLUSION

---

[1] Defendant states that Plaintiff ultimately agreed to pay half the fee. Motion [DN 104] at 2.

Defendant's Motion for Costs of Failed IME and to Compel Completion of IME, Motion [DN 104], is **DENIED WITHOUT PREJUDICE**. In accord with the Court's November 1, 2024 Order, [DN 106], Plaintiff shall be required to fully attend the Rule 35 independent medical examination with Dr. Edelson that has been scheduled for January 10, 2025. Defendant's Motion on these grounds is therefore denied as moot. Defendant's Motion for Costs of Failed IME is denied; however should Plaintiff fail to comply with the Court-Ordered IME, Defendant may move the Court for appropriate sanctions under Federal Rule of Civil Procedure 37.

December 11, 2024

Lanny King, Magistrate Judge
United States District Court