UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLEDIVISION
Case No. 3:22-cv-00582-RGJ-LLK

**NICHOLAS ALDRIDGE,**                                                         **PLAINTIFF**

**v.**

**DAVID RAMEY, ET AL,**                                                **DEFENDANTS**

**OPINION AND ORDER**

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of August 23, 2024, [DN 95]. Before the Court is Defendant David Ramey's unopposed Motion to Compel Deposition, for Order to Show Cause, and for Sanctions. Motion [DN 98]. The record shows that the to-be-deposed non-party, Kayla Beeler, was properly served via Sherriff on August 12, 2024, [DN 98-2], and that she failed to appear for her deposition on the scheduled date and did not otherwise object or respond to the Subpoena. Motion [DN 98] at 3; [DN 98-1]. For the reasons that follow, the Motion is **DENIED WITHOUT PREJUDICE.**

**Legal Standards**

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Id*. Rule 26(b) of the Federal Rules of Civil Procedure allows a party to obtain any "nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 permits a party to file a motion to compel discovery "if another party fails to respond to discovery requests, provided that the motion to compel

includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests." *Decker Constr. Co. v. Wesex Corp.*, No. 2:18-CV-727, 2019 WL 5557532, at *2 (S.D. Ohio Oct. 29, 2019) (citing Fed. R. Civ. P. 37(a)(1)). Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of reasonable expenses incurred in making a motion to compel, including attorney's fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed. *Id.* Rule 37(a)(5) further provides, however, that the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

## **Analysis**

*FRCP 37 Motion to Compel Deposition*

The Court will deny, without prejudice, the Motion for an order compelling Ms. Beeler to attend a deposition. Movant argues that "Ms. Beeler's deposition testimony is essential to the resolution of this matter." Motion [DN 98] at 5. In support of this argument, Movant attaches a police report, which makes no reference to Ms. Beeler, *see* [DN 98-1], and refers to a deposition transcript which has not been submitted with the motion. *See* Motion [DN 98] at 2. If sufficient facts are properly submitted, the Court may find that Movant has satisfied his initial burden to demonstrate relevance as to the deposition testimony of Ms. Beeler. *See* Fed. R. Civ. P. 26(b)(1). However, due to the absence of evidence on record and other deficiencies noted herein, the Court will refrain from holding that the deposition of Ms. Beeler falls within the scope of discovery at this time.

Additionally, Federal Rule of Civil Procedure 37 and Joint Local Rule of Practice 37.1 require that a party moving to compel discovery attach a certification that counsel has attempted to confer with the non-moving party. *See* Fed. R. Civ. P. 37(a)(1); LR 37.1. While courts in the Western District of Kentucky have, at times, relaxed the strict requirement that a Rule 37 certification be attached when, for example, movant attaches an attorney declaration stating that they have attempted to confer with the non-moving party, *see, e.g., United States v. Winsper,* No. 3:08-CV-631-H, 2013 WL 5673617, at *2 (W.D. Ky. Oct. 17, 2013), no such substitute document was submitted with the pending motion. *See also Williamson v. Univ. of Louisville*, No. 320CV00266DJHRSE, 2023 WL 3807040, at *2 (W.D. Ky. June 2, 2023) (denying motion to compel, but examining merits of motion despite failure to attach Rule 37 certification); *Peavey v. Univ. of Louisville*, No. 3:09-CV-00484-R, 2010 WL 3620340, at *2 (W.D. Ky. Sept. 13, 2010) (collecting cases) ("evidence of an attempt to confer in good faith must be reflected in the certification included in the motion") (internal quotations and citations omitted).

Movant states that they have attempted to confer with or contact Ms. Beeler on multiple occasions, including by telephone, voicemail, and private investigator. Motion [DN 98] at 3. If evidence of such facts is properly submitted, along with evidence as to relevance, the Court may issue an order compelling the deposition of Ms. Beeler.

*FRCP 37 Sanctions for Failure to Appear*

The record shows that Ms. Beeler was served via Sherriff on August 12, 2024, [DN 98-2], and Ms. Beeler failed to appear for her deposition on the scheduled date and did not otherwise object or respond to the Subpoena. Motion [DN 98] at 3; [DN 98-1]. For the same reasons stated above, the Court declines to sanction Ms. Beeler at this time. *See Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 402 F. App'x 990, 997 (6th Cir. 2010) (court did not

err by not sanctioning party when it was within the court's discretion to find that each motion "must include" certification of a good-faith attempt to confer) (citing Rule 37(a)(1)).

*Motion for Show Cause Order and for Contempt*

Defendant also asks the Court to consider holding Ms. Beeler in in contempt for her failure to comply with the Subpoena. Motion [DN 98] at 5. The Court in its discretion, however, will allow Ms. Beeler another opportunity to appear for a deposition if/after Movant cures the deficiencies identified in this Order.

Should Ms. Beeler again fail to appear for a deposition, without providing proper justification, this Court is prepared to certify the relevant, properly-submitted facts to District Judge Rebecca Jennings for a hearing on her conduct and to show cause. *See* 28 U.S.C. § 636(e)(6). Ms. Beeler is warned that she may be punished for contempt and failing to appear in the same manner and to the same extent as for contempt committed before Judge Jennings. *Id.* Punishment for contempt may involve a monetary fine and/or arrest for failure to obey a court order. *See United States v. Butler,* No. 1:15-MC-00002-GNS, 2016 WL 2587191, at *2 (W.D. Ky. May 4, 2016).

## CONCLUSION

For the reasons set forth above, the Motion to Compel Deposition, for Order to Show Cause, and for Sanctions, [DN 98], is **DENIED WITHOUT PREJUDICE**. Movant-Defendant David Ramey may properly renew his Motion by 1) attaching evidence establishing the relevance of Ms. Beeler's testimony and 2) attaching a Rule 37 certification evincing prior, and renewed, good-faith attempts to confer with Ms. Beeler regarding the taking of her deposition.

December 11, 2024

**Lanny King, Magistrate Judge**
**United States District Court**